**IN THE DISTRICT COURT OF COMANCHE COUNTY STATE OF OKLAHOMA**

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

OCT 2 8 2025

By_____
Deputy

| | |
|---|---|
| JORGE CASTRO, | |
| Plaintiff, | |
| vs. | CASE NO. CJ-2025- 653 |
| LOWE'S COMPANIES INC.,<br>LOWE'S HOME CENTERS, LLC.,<br>LOWES OF LAWTON, STORE NO. 1724,<br>and SHARITA WEST, | |
| Defendants. | |

**PETITION**

COMES NOW, the Plaintiff, Jorge Castro, by and through his attorney of record to file this Petition against the above-named Defendants and for cause of action shows the court as follows:

**PARTIES**

1. Lowe's Companies, Inc., is a publicly traded corporation headquartered in Mooresville, North Carolina. Lowe's Companies, Inc., trades on the New York Stock Exchange under the ticker symbol LOW, and through its subsidiaries such as Lowe's Home Centers, LLC, manages a network of over 2,200 home improvement stores across the United States as of 2025.

2. Lowe's Home Centers, LLC is a foreign limited liability company based with its principal place of business in North Carolina. It may be served through its registered agent, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159.

3. Lowes of Lawton, store number 1724, is the local Lawton, Oklahoma Lowe's location where the incident alleged in this petition occurred.

4. Upon information and belief, the Lowe's of Lawton, store number 1724, is owned and operated by Lowe's Home Centers, LLC and/or Lowe's Companies, Inc..

EXHIBIT
1

5.    Upon information and belief, Sharita West was the store manager of the Lawton Lowes, store number 1724, between December 2022 and August 2024, and likewise would have been the store manager when the alleged incident occurred.

6.    Sharita West is a resident of Comanche County, Oklahoma.

## FACTUAL ALLEGATIONS

7.    Plaintiff incorporates the previous factual allegations as if fully set forth herein.

8.    On or about June 17, 2024, Jorge Castro was at the Lawton, Oklahoma Lowe's.

9.    Lowe's is a company that expressly invites members of the public into the store for some purpose in which Lowe's has a commercial or business interest or purpose.

10.    At the time of the incident, Jorge Castro was an invitee.

11.    A piece of sheet-metal fell on Jorge Castro injuring him.

## RESPONDEAT SUPERIOR

12.    When it is alleged herein that Lowe's acted or failed to act, it is likewise alleged that said action or failure was done by an agent/employee of Lowe's for the benefit of Lowe's while under said employee's course and scope of employment with Lowe's.

## NEGLIGENCE AND PREMISE LIABILITY

13.    Plaintiff incorporates the previously alleged facts as if fully set forth herein.

14.    Lowe's owes a duty to invitees, like Jorge Castro, to keep its premises in a reasonably safe condition for the use by said invitees.

15.    Lowe's must also either remove hidden dangers or warn invitees, like Jorge Castro, of any hidden dangers on the premises that it should know or reasonably know about.

16.    As store manager, it is the responsibility of Sharita West to ensure that the store was safe for invitees, like Jorge Castro.

17. The injury to Jorge Castro was caused by a piece of sheet-metal over which Lowe's had exclusive management and control.

18. As a result of his injuries, Jorge Castro has been injured as set forth below.

## NEGLIGENT TRAINING AND SUPERVISION

19. Plaintiff incorporates the previously alleged facts as if fully set forth herein.

20. Lowe's and/or Sharita West had a duty to train/supervise its employees.

21. Lowe's and/or Sharita West failed to train its employees to identify hidden dangers and/or failed to supervise employees properly.

22. As a result of said failure to train/supervise, Plaintiff was injured and suffered damages as set forth below.

## DAMAGES

23. As a result of his injuries, Jorge Castro has sustained the following damages:

   a. Past and future physical pain and suffering;

   b. Past and future mental pain and suffering;

   c. Past and future medical expenses;

   d. Disfigurement;

   e. Physical impairment;

   f. Loss of earnings;

   g. Impairment of earning capacity;

   h. Punitive damages pursuant to 23 O.S. § 9.1; and

   i. Any other damages that are reasonable and proper.

24. Plaintiff affirmatively pleads that he seeks damages in excess of $250,000.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that after a trial on the merits, the court enters judgement on behalf of Plaintiff in an amount in excess of $250,000.

DATED: October 27, 2025

**Zelbst Holmes & Butler**

BY:

Clay Zelbst, OBA #32152
411 S.W. 6th Street
Lawton, OK 73501
Telephone: (580) 248-4844
Facsimile: (580) 248-6916
Email: clay@zelbst.com
Attorney for Plaintiff