## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JORGE CASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-25-1458-R |
| ) | |
| LOWES COMPANIES INC., et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff initiated this action in state court against Lowes Companies, Inc.; Lowe's Home Centers, LLC; Lowe's of Lawton Store No. 1724; and Sharita West. Plaintiff alleges that he was injured when a piece of sheet metal fell on him while he was an invitee at a Lowe's store in Lawton, Oklahoma. He asserts negligence claims against the Lowe's defendants and Ms. West, who he alleges was the store manager at the time of his injury.

The Lowe's defendants timely removed the action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. The Notice of Removal states that complete diversity is present because Plaintiff is a citizen of Oklahoma, Lowe's Home Centers and Lowe's of Lawton are both citizens of North Carolina, and the remaining defendants are fraudulently joined. More specifically, the Notice of Removal indicates that Lowe's of Lawton Store No. 1724 is not a legal entity capable of being sued and that Ms. West was not the store manager at the time of Plaintiff's injury. To support this latter contention, the Lowe's defendants included a sworn affidavit from Ms. West.

1

Now before the Court is Plaintiff's Motion to Remand [Doc. No. 9], which is fully briefed [Doc. No. 11] and at issue. Plaintiff's Motion concedes that Lowe's of Lawton Store No. 1724 is not a proper party and this defendant is therefore dismissed without prejudice. As to Ms. West, Plaintiff argues that the Lowe's defendants have not met their burden of establishing fraudulent joinder because there are disputed issues of fact. Plaintiff's argument is entirely unpersuasive.

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (brackets and quotation marks omitted). This standard "is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished). Although this standard presents a "high hurdle," *Dutcher*, 733 F.3d at 989, remand is appropriately refused where a defendant's "non-liability is…established as both a matter of fact and law." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

Further, "it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). For example, in *Smoot*, 378 F.2d at 881, the removing defendants argued that a railroad employee accused of negligence in connection with collision was fraudulently joined and submitted an affidavit

2

showing that employee's employment with the railroad ended fifteen months prior to the collision. The Tenth Circuit, after noting that statements in the removal petition and affidavit were uncontested, concluded that the district court properly refused remand because the employee's non-liability was "established with complete certainty upon undisputed evidence." *Id.* at 882.

Here, as in *Smoot,* there is undisputed evidence establishing that Ms. West was not the store manager at the time of this incident and that she has no connection to the claims. Ms. West's Notice of Removal includes an affidavit attesting that she has not worked at the Lowe's store in Lawton since June 2022 (two years before this incident) and never worked as a Store Manager of Store No. 1724. In an attempt to create a factual dispute, Plaintiff points to Ms. West's "Linked In" profile which states that she was a Lowe's store manager during the relevant time period and further asserts that there is only one Lowe's store in Comanche County. However, even putting aside that the Linked In profile is hearsay evidence, *see Lowe v. Brookshire Grocery Co.*, No. 24-CV-407-JDR-JFJ, 2024 WL 5158174, at *2 (N.D. Okla. Dec. 18, 2024), nothing in the profile contradicts Ms. West's affidavit. The profile simply indicates that between December 2022 and August 2024 she worked as a store manager at a Lowe's somewhere in the United States. The profile does not establish she worked at the Lowe's where Plaintiff was injured and, additionally, a supplemental affidavit included with Defendants' response brief clarifies that Ms. West was working at a Lowe's in a different city in Oklahoma at the relevant time. In short, the undisputed facts establish that Ms. West is a fraudulently joined defendant and

her citizenship is appropriately disregarded for purposes of determining subject matter jurisdiction.

Accordingly, Plaintiff's Motion to Remand is denied. Lowe's of Lawton Store No. 1724 and Sharita West are fraudulently joined defendants and the claims against them are dismissed without prejudice.

IT IS SO ORDERED this 15th day of January, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE